# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES PATRICK WAYNE BURGESS,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 5:23-cv-01548-ACA-HNJ ) |
| **KELLY ALLEN,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report (Doc. 37) on January 17, 2025, recommending that the court deny petitioner Charles Patrick Wayne Burgess's amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 5), and dismiss his claims without prejudice to allow Mr. Burgess an opportunity to exhaust his claims in state court. On February 24, 2025, the court received Mr. Burgess's Notice to Court. (Doc. 38).

In his Notice to Court, Mr. Burgess does not address the magistrate judge's conclusion Mr. Burgess failed to exhaust his state-court remedies. (*See* doc. 38). Instead, Burgess contends several individuals can testify to Mr. Burgess's "lifelong sanity, competency[,] and numerous heroic acts." (Doc. 38 at 3). Whether these individuals testify to such or not, Mr. Burgess did not exhaust his state-court

remedies. (*See* doc. 37). As such, his objections on this basis warrant overruling and his § 2241 petition warrants dismissal without prejudice. (*See* doc. 37).

Mr. Burgess also complains of conditions at the Dekalb County Jail where the State currently houses him as a pretrial detainee. (*See* doc. 38). Mr. Burgess must pursue his complaints regarding the conditions of his confinement pursuant to 42 U.S.C. § 1983. As the Court of Appeals for the Eleventh Circuit explained in *Hutcherson v. Riley*,

> When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" . . . .

468 F.3d 750, 754 (11th Cir. 2006) (internal citations omitted).

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Burgess's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Burgess's § 2241 petition (Doc. 5) is due to be denied and his claims are due to be dismissed without prejudice to allow Mr. Burgess an opportunity to exhaust his claims in state court. A final judgment will be entered.

**DONE** and **ORDERED** this March 6, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE